

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-3764
Re: Is it the duty of the Board of
Control to approve the plans
and designs and let contracts
for the construction of build-
ings erected at State higher
educational Institutions from
appropriations made by the
Legislature out of the general
fund?

In response to your letter of July 12, 1941, we
have carefully investigated the statutes relating to the
duties and responsibilities of the State Board of Control
in connection with the designing and construction of build-
ings and the letting of contracts for the erection of build-
ings at State higher educational institutions where said
buildings are to be paid for by appropriations made by the
Legislature out of the General Revenue.

You state that under House Bill 272 as passed by
the Acts of the 47th Legislature, appropriations were made
for buildings and other major improvements at the State's
higher educational institutions, including most of the State
Teacher Colleges, Texas State College for Women, Texas Tech-
nological College, Texas College of Arts and Industries,
John Tarleton Agricultural College, and North Texas Agri-
cultural College.

Article 2592 of the Revised Statutes provides:

"The Board of Regents of the University and
the Board of Directors of the Agricultural and
Mechanical College of Texas shall, with the ap-
proval of the Legislature, expend the available
University fund for the construction of buildings
on the campuses of their respective institutions
and for the extension and improvement of their

Honorable Harry Knox, Chairman, Page 2

campuses and for the equipment of buildings there-
on in the proportions and amounts hereinafter
indicated."

Article 2593 provides:

"All contracts, with architects, plan makers,
landscapers, or draftsmen or with any other person,
firm or corporation of whatever name or designa-
tion shall be absolutely void unless same be ap-
proved by the signed written vote of the majority
of said Board of Regents in regular or called meet-
ing assembled, and provided further that all con-
tracts for the construction or erection of such
permanent improvements shall be absolutely void
unless same are made after receiving sealed com-
petitive bids after advertisement therefor."

Article 2596 provides:

"The Board of Regents are invested with the
sole and exclusive management and control of the
lands set aside and appropriated to, or acquired
by the University of Texas with the right to sell,
lease and otherwise manage, control and use the
same in any manner and at such prices and under
such terms and conditions as they deem best for
the interest of the University, not in conflict
with the State Constitution."

Article 2613-9 provides:

"All expenditures for the Agricultural and
Mechanical College of Texas may be made by the
order of the Board of Directors and the same
shall be paid on warrants from the Comptroller
based on vouchers approved by the President of
the Board of Directors."

Article 2613a-1 as amended in 1933 provides:

"The Board of Directors of the Agricultural
and Mechanical College of Texas is hereby author-
ized to contract with persons, firms or corpora-
tions for the purchase of, or the acquisition of,
or the erection of permanent improvements on or

Honorable Harry Knox, Page 3

conveniently located in reference to the campus of said College, or to the campuses of any or all of its branch institutions and to purchase, sell or lease lands and other appurtenances for the construction of such permanent improvements provided that the State of Texas incurs no indebtedness under the contracts."

Article 2616 of the Revised Statutes provides:

"The government and direction of policies of the John Tarleton Agricultural College at Stephenville shall be vested in the Board of Directors of the Agricultural and Mechanical College of Texas."

Article 2620 of the Revised Statutes reads:

"The North Texas Junior Agricultural, Mechanical and Industrial College at Arlington shall be under the direction of board of directors of the Agricultural and Mechanical College designated herein the supervisory board in connection with a local board of managers composed of five members to be appointed by the Governor. * * * Said local board shall perform all the duties required in the management of said college in like manner as governing boards of the same character."

Article 2625 provides:

"The board of regents of the College of Industrial Arts at Denton shall be composed of nine persons, four of whom shall be women. The board of regents shall have the power incident to their position and to the same extent, so far as may be applicable and shall receive like compensation as is conferred by law on the regents of the State University."

Article 2628a-7 provides:

"All power, duties and functions of the Board of Regents of the State Teachers Colleges under the law shall vest in the Board of Directors herein created in connection with the State Teachers

Honorable Harry Knox, Page 4

College work of the institution herein provided
for except where in conflict with this Act."

Article 2628a-8 provides:

"The Board of Directors of The Texas College
of Arts and Industries is hereby authorized to
enter into contracts with persons, firms, or cor-
porations for the erection of dormitories at The
Texas College of Arts and Industries, and to pur-
chase or lease lands and other appurtenances for
the construction of such dormitories, provided
that the State of Texas incurs no liability for
the buildings or the sites."

Article 2628b provides:

"The Board of Regents of the College of In-
dustrial Arts at Denton, Texas, is hereby author-
ized and empowered to erect and equip, and/or to
contract with any person, firm or corporation, for
the erection, completion and equipping of such
dormitories and/or other improvements as said Board
of Regents may deem advisable, such improvements
to be erected either on the campus or real estate
then owned by said college, or on other real es-
tate purchased or leased for the purpose, and the
said Board of Regents is hereby expressly author-
ized to purchase, or lease, additional real estate
for such purpose, or to exchange or sell real es-
tate now or hereafter owned for such purpose."

In 1929 the Legislature passed Article 2647a,
Vernon's Annotated Revised Statutes, Section 1 thereof reads
as follows:

"The Board of Regents of the Teachers Colleges
of Texas is hereby authorized to enter into con-
tracts with persons, firms, or corporations for
the erection of dormitories at any Teachers College,
and to purchase or lease lands and other improve-
ments for the construction of such dormitories,
provided that the State of Texas incurs no liability
for the buildings or the sites."

744

Article 670 provides:

"The Board of Control shall prepare plans
and specifications for improvement and repairs
to public buildings or property of the State, and
shall superintend through its division of public
buildings and grounds, the construction of said
work when such supervision is not otherwise es-
pecially provided for by law."

Article 671 of the Revised Statutes provides:

"The Board of Control shall inspect all plans
and specifications for the public buildings and
the additions thereto to be constructed for the
state before such plans and specifications are
adopted.  The Board may reject any and all such
plans and specifications, and it shall have full
and final superintendency over all buildings,
structures or additions thereto that may be con-
structed for the State."

Articles 672 and 673 provide for the inspection
and examination and upkeep of all state buildings by the
Board of Control.

Article 681 of the Revised Statutes provides:

"The Board of Control, through the chief of
such division, shall design all public buildings
erected at the expense of the state where design-
ing is not otherwise provided for by law or by
the appropriation bill, but in no instance shall
plans or designs be adopted by the head of any
department, board, institution, school or prison
system of the state unless such design and plans
have been approved by the Board."

Upon a casual reading of the above statutes rela-
tive to the various schools of Texas and the power of the
boards of trustees of said institutions to let the contracts
for and supervise the construction of buildings and permanent
improvements and the articles giving the Board of Control
supervision and control of the construction of public build-
ings there appears to be some conflicts.

Honorable Harry Knox, Page 6

The act of the Legislature in 1919 creating the Board of Control apparently had as its objective the placing under one board the power and the authority to purchase supplies for all state institutions when same are to be paid for out of the general revenues. In dealing with public buildings it was evidently the purpose of the Legislature to place under the control and care of the Board of Control the buildings for all public institutions, which institutions were in turn to be controlled by said board, such as the asylums and institutes for the blind.

Since the act of 1919 was passed creating the Board of Control most of the above statutes giving the Board of Directors of the various schools power and control of the erection of permanent buildings and the purchase of land and giving said institutions the right of eminent domain have been passed.

We are informed that it has never been the custom of the Board of Control to prepare plans and designs or to in any way control the kind or character of permanent buildings erected by any of the State schools, this having been left entirely to the Board of Directors of each of said schools and colleges. The Legislature has continued to make appropriations for permanent buildings at the various colleges and schools presumably with the knowledge of the fact that the Directors of the schools have been expending the money independent of the Board of Control. While this construction is not controlling, it is highly persuasive.

If the Board of Trustees of the State's higher educational institutions cannot let a contract for the erection of a building for which an appropriation has been made by the Legislature until and unless the plans and designs therefor have been approved and adopted by the Board of Control there is no way for said buildings to be constructed if said Boards cannot agree upon the plans and design.

The fact that the Legislature has for the past 20 years made appropriations for the erection and construction of buildings at these various universities and colleges knowing that same would be expended and the buildings erected upon plans and designs and specifications drawn and prepared by the respective Boards of Trustees of the particular institution for which the appropriation was made; and the fact

Honorable Harry Knox, Page 7

that the Board of Control as well as the Board of Trustees of these various institutions have so construed said statute and appropriation bill during all of these years are as we have above stated highly persuasive although it is not absolutely controlling.

It is of course the rule that courts will in construing statutes preserve all statutes as passed by the Legislature rather than destroy same and will when possible reconcile apparently conflicting statutes so that both or all of same may be preserved.

It is therefore our opinion that the State Board of Control is not required to approve the plans and designs and let contracts for the construction of the buildings or other major improvements at the State's higher educational institutions. Said responsibility rests upon the respective Boards of Regents of said institutions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Geo. W. Barcus
Assistant

GWB:mp

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE